UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
_____

MARCIE ANN GETMAN,                    )          Case No. 07-2256 JAR-DJW
                                      )
              Plaintiff,              )
                                      )
v                                     )
                                      )
ENNIS, INC., d/b/a                    )
CALIBRATED FORMS CO., INC.            )
_____)

## PRETRIAL ORDER

Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference was held in this case by telephone on August 26, 2008, before Magistrate Judge David J. Waxse.

This pretrial order shall supersede all pleadings and control the subsequent course of this case.  It shall not be modified except by consent of the parties and the Court's approval, or by order of the Court to prevent manifest injustice.  *See* Fed. R. Civ. P. 16(d); D. Kan. Rule 16.2(c).

**I.      APPEARANCES.**

Plaintiff, Marcie Ann Getman, appeared at the pretrial conference through counsel, Ruth Benien.  Defendant, Ennis, Inc., appeared through counsel, Jennifer J. Stocker.

**II.     NATURE OF THE CASE.**

This is an Americans with Disabilities Act, 42 U.S.C. § 12111, employment discharge case involving claims of disability discrimination.

**III.    PRELIMINARY MATTERS.**

**A.      Subject Matter Jurisdiction.**  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 and is not disputed.

**B.      Personal Jurisdiction.**  The Court's personal jurisdiction over the parties is not disputed.

**C.**      **Venue.**  The parties stipulate that venue properly rests with this Court.

**D.**      **Governing Law.**  Subject to the Court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the Americans with Disabilities Act, including Tenth Circuit interpretations of the same and of damages recoverable under the same.

IV.    **STIPULATIONS.**

    A.    The following facts are uncontroverted:

        1.    Plaintiff is an employee pursuant to 42 U.S.C. § 12111.
        2.    Defendant is an employer pursuant to 42 U.S.C. § 12111.
        3.    Plaintiff  was hired by Defendant's predecessor on August 23, 1995.
        4.    Defendant terminated Plaintiff's employment on February 9, 2005.

a.    The following documents constitute business records within the scope of Fed. R. Evid. 803(6) and may be introduced into evidence during trial without further foundation, subject to objections based solely on grounds of relevancy:

        1.    Documents contained within Plaintiff's personnel file (Bates Nos. ENNIS1-463, 9437-9643).
        2.    Documents evidencing Plaintiff's absenteeism (Bates Nos. ENNIS464-1197, 11512).
        3.    Plaintiff's workers' compensation file (Bates Nos. ENNIS3477-3636, 9271-9436).
        4.    Absentee reports for other order entry department employees (Bates Nos. ENNIS9644-10885, 11234-11328).
        5.    Production records for Plaintiff and other order entry department employees (Bates Nos. ENNIS4050-9188).
        6.    Plaintiff's punch detail (Bates Nos. ENNIS9189-9643).
        7.    Defendant's documents evidencing comparison of annual budget to actual earnings and orders.
        8.    Documents evidencing monthly completed jobs, on average, for order entry department employees (Bates Nos. ENNIS 4050-9643, 11449011511).
        9.    Defendant's employee handbook and job description (Bates Nos. ENNIS28-85, 87-88).
        10.    Documents evidencing Defendant employee terminations (Bates Nos. ENNIS140-147).

a.    Copies of exhibits may be used during trial in lieu of originals.

    b.    The parties have stipulated to the admission of the following trial exhibits:

        1.    Plaintiff's Deposition Ex. No. 4.

a.    At trial, witnesses who are within the subpoena power of the Court and who are officers, agents, or employees of the parties need not be formally subpoenaed to testify, provided that opposing counsel is given at least five business days' advance notice of the desired

date of trial testimony.  For purposes of this entire pretrial order, the calculation of  "business days" does not include Saturday, Sunday, or any legal holiday as defined by Fed. R. Civ. P. 6(a)(4).

b.          By no later than 3:00 p.m. each day of trial, counsel shall confer and exchange a good faith list of the witnesses who are expected to testify the next day of trial.

## 2.    FACTUAL CONTENTIONS.

a.          **Plaintiff's Contentions.  P**laintiff claims that while she was employed by Defendant on or about June 2003, she developed a seizure disorder for which she was subsequently treated and returned to work. Plaintiff contends that her seizures constituted a disability within the meaning of the Americans with Disabilities Act in that they substantially limited one or more of the major life activities; that they constituted a disability on or after June 12, 2003, in that Plaintiff had a record of such impairment with Defendant that led to her discharge, or that on or after June 12, 2003, they constituted a disability in that thereafter she was regarded by Defendant and its management as having such a disability.

Plaintiff claims a reasonable accommodation to the seizures when they occurred was just to let her have the seizure and ride it out. With this reasonable accommodation, Plaintiff would have been able to perform the essential functions of her job. Plaintiff claims that once Defendant knew of Plaintiff's seizures, it discriminated against her, harassed her, and allowed the creation of a hostile work environment to exist due to her seizures, including but not limited to: (1) refusing to allow Plaintiff to return to work without a medical opinion that she would never have another seizure, despite the fact they did not affect her ability to perform the essential functions of her job with or without reasonable accommodations;  (2) from September 30, 2004, forcing Plaintiff to take time off under the Family Medical Leave Act;

4

(3) ordering her to be evaluated by doctors of its choosing and then refusing to follow their directives or to pay for the testing ordered; (4) harassed Plaintiff; (5) made unreasonable demands upon her; (6) arbitrarily refused to allow Plaintiff to return to work; and (7) failed to control its employees in the workplace or to educate them so Plaintiff could return to work.

Plaintiff claims that due to the discriminatory and harassing conduct of Defendant, she has suffered injuries and damages which were directly and proximately caused by such conduct. Plaintiff further claims that the actions and conduct of Defendant were of sufficient severity and degree and taken in bad faith and with such reckless and callous disregard for her rights and/or exhibited such intentional or deliberate indifference so as to entitle her to the award of punitive damages.

**b.**          **Defendant's Contentions.**  Defendant's conduct and actions towards Plaintiff were not motivated by discrimination because of her seizure/pseudo-seizure disorder. Plaintiff was not disabled, based on her own testimony. Plaintiff's uncontrolled condition rendered her unable to perform the essential functions of her job and constituted a threat to her workplace safety.  Plaintiff was not regarded as disabled; Defendant's beliefs regarding her limitations were based upon fact. The required accommodation--of sporadic, frequent, and piggybacked  absences--was not reasonable.  The required accommodation did not suffice to render Plaintiff qualified to perform the essential functions.

Defendant did not harass Plaintiff or create a hostile work environment. Defendant was entitled to elicit a specialist's medical evaluation and opinion as regards Plaintiff's fitness to work and to place her on leave to do so.  It was not required to  pay for treatment except as Plaintiff might seek under the employer provided health care plan.  It returned Plaintiff to work as soon as it received that opinion.

In addition,  Defendant's earnings and order business were in a continued decline, and reductions in force had been made in all other departments.  Elimination of Plaintiff's position was made based upon declining earnings and number of orders, as well as Plaintiff's performance and failure to meet the essential functions of the position.  Evidence of Defendant's financial condition, declining earnings and orders, employee terminations, Plaintiff's frequent and piggyback absences, failure to satisfy average job quota requirements, and statements that she was unable to work at any position will be presented to support this conclusion.

Even if it is determined that an illegal motive precipitated Defendant's treatment of Plaintiff, Plaintiff would have nonetheless been subject to the same treatment.  Plaintiff's damages, if any, were not proximately caused by the actions of Defendant, and Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights.

3.      **THEORIES OF RECOVERY.**

a.      **List of Plaintiff's Theories of Recovery.**  Plaintiff asserts that she is entitled to recover upon the following theories:

1.      Disability discrimination under the ADA.
2.      "Regarded as" disabled under the ADA.
3.      Disability harassment/ hostile environment under the ADA.

a.      **Essential Elements of  Plaintiff's First Theory of Recovery (i.e., Disability Discrimination Under the ADA).**  Subject to the Court's  determination of the law that applies to this case, the parties agree that, in order to prevail on this theory of recovery, Plaintiff has the burden of proving the following essential elements:

1.      Plaintiff was disabled, that is, she has an impairment that substantially limits one or more major life activities.
2.      Plaintiff was qualified, that is, she could perform the essential functions of her job with or without accommodation.

3.        Plaintiff was subject to an adverse employment action because of her disability.

**a.        Essential Elements of  Plaintiff's Second Theory of Recovery (i.e., "Regarded as" Disabled under the ADA).**  Subject to the Court's determination of law that applies to this case, the parties agree that in order to prevail on this theory of recovery, Plaintiff has the burden of proving the following essential elements:

1.        Plaintiff has a physical or mental impairment that does not substantially limit major life activities;
2.        Plaintiff has an impairment which substantially limits major life activities only as a result of others' attitudes; or
3.        Plaintiff has neither of the impairments listed in (1) or (2) but is treated as having a substantially limiting impairments.
4.        Plaintiff was qualified, that is, she could perform the essential functions of her job with or without accommodation.
5.        Plaintiff was subjected to an adverse employment action because she was regarded as disabled.

**d.        Essential Elements of  Plaintiff's Third Theory of Recovery (i.e., Disability Harassment/Hostile Environment Under the ADA).**  Subject to the Court's determination of the law that applies to this case, the parties agree that, in order to prevail on this theory of recovery, Plaintiff has the burden of proving the following essential elements:

1.    Plaintiff had a disability.

2.    Plaintiff was subjected to harassment that was pervasive and severe enough to alter the terms, conditions or privilege of employment.

3.    The harassment was based upon an animus toward plaintiff's disability or perceived disability.

4.    The harassment was engaged in by members of management or by co-workers whose conduct was either orchestrated by management or management knew about the harassment and acquiesced in it in such a manner as to condone and encourage the co-worker's actions.

5.      Plaintiff suffered injuries and damages as a result.

**6.      DEFENSES.**

a.                      **List of Defendant's Defenses and Affirmative Defenses.**   Defendant

asserts the following defenses and affirmative defenses:

1.                      Plaintiff was not disabled.
2.                      Plaintiff was not qualified.  Plaintiff was unable to perform the essential functions of her job.
3.                      Plaintiff was not qualified.  Plaintiff's uncontrolled medical condition constituted a direct threat to her safety in the workplace.
4.                      Plaintiff was not regarded as disabled; Defendant's beliefs about Plaintiff's limitations did not exceed the actual limitations and were based upon a first hand demonstration of how Plaintiff's impairment impacted her ability to perform the essential functions of her position.
5.                      The accommodation requested for or necessitated by Plaintiff's medical impairment was not reasonable.
6.                      Plaintiff's injury and damages, if any, were not caused by the Defendant.
7.                      Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.
8.                      Plaintiff's claim for damages is barred in whole or in part because Defendant did not act willfully or maliciously.
9.                      Plaintiff was not harassed and was not subject to a hostile work environment.  Defendant acted reasonably and lawfully in its actions and conduct towards Plaintiff.
10.                     Defendant is not liable for any harassment or hostile work environment.
11.                     In the event summary judgment is denied, Defendant intends to argue that even if an illegal factor motivated its conduct towards Plaintiff, including the decision to terminate Plaintiff's employment, Plaintiff would have been nonetheless subject to the same treatment for non-discriminatory reasons.

a.                      **Essential Elements of Defendant's First Affirmative Defense (i.e.,**

**failure to mitigate damages).**  Subject to the Court's determination of the law that applies to

this case, the parties agree that, in order to prevail, Defendant will show that Plaintiff failed to

take advantage of reasonable opportunities to reduce or mitigate her alleged damages.

c.                      **Essential Elements of Defendant's Second Affirmative Defense (i.e.,**

**Defendant is not liable for harassment).**  Subject to the Court's determination of the law that

applies to this case, the parties agree that, in order to prevail, Defendant will show that Plaintiff failed to avail herself of remedial opportunities or otherwise prevent the harm, and that Defendant responded promptly to any notice of harassment.

        **d.**              **Essential Elements of Defendant's Third Affirmative Defense (i.e., mixed-motive).**  Subject to the Court's determination of the law that applies to this case, the parties agree that, in order to prevail, Defendant will show it would have taken the same action(s) even if an illegal motive had not factored into its treatment of Plaintiff.

**12.**              **FACTUAL ISSUES.**

One or more of the parties believe that the following material issues will need to be resolved at trial by the trier of fact if summary judgment is not granted:

        a.              Whether Plaintiff was disabled.

        b.              Whether a causal connection existed between Plaintiff's disability and the decision to terminate Plaintiff's employment.

        c.              Whether Plaintiff was regarded as disabled by Defendant.

        d.              Whether Plaintiff was qualified to perform the essential functions of her position.

        e.              Whether Defendant was required to provide frequent and piggybacked periods of leave.

        f.              Whether the requested accommodation to "just let it ride" with respect to Plaintiff's seizures was reasonable.

        g.              Whether Plaintiff's damages were caused by Defendant.

        h.              Whether Plaintiff failed to mitigate any damages she allegedly suffered because of her termination.

i.        Whether Plaintiff suffered severe and pervasive harassment.

j.        Whether Plaintiff would have been subject to the same treatment, even if an illegal favor had not motivated Defendant's treatment of her.

k.        Whether Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights as required to establish entitlement to punitive damages.

**13.        LEGAL ISSUES.**

One or more of the parties believe that the following are the significant legal or evidentiary issues that will need to be resolved by the Court in this case, whether on summary judgment motion or at trial:

a.        Whether Plaintiff was disabled.

b.        Whether the EEOC finding and determination in Plaintiff's Charge of Discrimination is admissible.

**14.   DAMAGES.**

a.        **Plaintiff's Damages.**   Plaintiff claims entitlement to all damages allowable under the law.  Plaintiff agrees that the actual wages and benefits claimed at trial will be no greater than those amounts shown by company records to have been paid or that would have been paid for the position held by the plaintiff if different from the figures set forth herein.

1.        Back wages from October 14, 2004, to February 14, 2008:  $92,340

(computed at 40 hours per week x 171 weeks x $13.50 per hour)

2.        Back benefits:  $18,468

(computed at 20 percent of salary)

3.                Wages from February 14, 2008, to date of trial, March 17, 2009:  $30,240

(computed at 40 hours x 56 weeks x $13.50 per hour)

4.                Benefits from February 14, 2008, to date of trial, March 17, 2009:  $6,048

(computed at 20 percent of salary)

**Total back wages and benefits:  $147,096**

5.                Front pay for a period of 5 years from date of trial:  $140,400

(computed using 40 hours x 52 weeks x $13.50 x 5 years; $28,080 annually)

6.                Compensatory damages in the amount of $300,000 or such other amount as allowed by law for mental and emotional distress, anxiety, loss of reputation, and related damages

**Total compensatory damages:  $587,496**

7.                Punitive damages in the amount of $300,000 or such other amount as allowed by law

8.                Reasonable attorneys' fees and costs at rate of $350 per hour and such enhancement as the Court may allow in separate proceeding x estimated 200-280 hours in case if tried, and post-trial motions included:  $98,000 attorneys' fees plus costs of estimated $6,000 if tried

9.                    Pre and post-judgment interest

Plaintiff reserves the right to supplement this itemization upon review of employment records of Defendant reflecting the actual salary and benefit rates paid.

Plaintiff reserves the right to supplement this itemization to claim the damages itemized through the date of trial.

**b.      Defendant's Damages.**  None claimed.

**15.    NON-MONETARY RELIEF REQUESTED, IF ANY.**  None.

**16.    AMENDMENTS TO PLEADINGS.**  None.

**17.    DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by August 1, 2008, except that the parties stipulated and the Court ordered that their depositions of medical and expert witnesses could take place following the close of discovery. Additionally, the parties agree and the Court ordered that Defendant may name (beyond the deadline for the same) and utilize such expert witness based on records which were produced following the deadline for disclosure of expert witnesses.

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations. Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery if all parties are in agreement to do so, but the Court will not be available to resolve any disputes that arise during the course of this extended discovery.

**18.    WITNESSES AND EXHIBITS.**

**a.              Final Witness and Exhibit Disclosures Under Rule 26(a)(3).**  The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) shall be

filed no later than 21 days before trial.  With regard to each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A)(i), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify. Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits disclosed by one party may be called or offered by any other party.  Witnesses and exhibits not so disclosed and exchanged as required by the Court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the Court. The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3)(A) disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

**b.**         **Objections.**  The parties shall file any objections under Fed. R. Civ. P. 26(a)(3)(B) no later than 14 days before trial.  The Court shall deem waived any objection not timely asserted, unless excused by the Court for good cause shown.

**c.**         **Marking and Exchange of Exhibits.**  All exhibits shall be marked no later than 5 business days before trial.  The parties shall exchange copies of exhibits at or before the time they are marked.  The parties shall also prepare lists of their expected exhibits, in the form attached to this pretrial order, for use by the courtroom deputy clerk and the court reporter. In marking their exhibits, the parties shall use preassigned ranges of numbered exhibits.  Exhibit Nos. 1-400 shall be reserved for Plaintiff; Exhibit Nos. 401-800 shall be reserved for Defendant. Each exhibit that the parties <u>expect</u> to offer shall be marked with an exhibit sticker, placed in a three-ring notebook, and tabbed with a numbered tab that corresponds to the exhibit number. The parties shall prepare exhibit books in accordance with the requirements of the judge who

will preside over trial.  The parties shall contact the judge's courtroom deputy clerk to determine that judge's specific requirements.

      **d.**          **Designations of Deposition Testimony.**

         **1.**    **<u>Written Depositions</u>.**  Consistent with Fed. R. Civ. P. 26(a)(3)(A)(ii), any deposition testimony sought to be offered by a party other than to impeach a testifying witness shall be designated by page and line in a pleading filed no later than 21 days before trial.  Any counter-designation in accordance with Fed. R. Civ. P. 32(a)(6), and any objections to the designations made by the offering party, shall be filed no later than 14 days before trial.  Any objections to counter-designations shall be filed no later than 5 business days before trial.  <u>Before</u> filing <u>any</u> objections, the parties shall have conferred in good faith to resolve the dispute among themselves.  No later than 3 business days before trial, to facilitate the Court's ruling on any objections to designations or counter-designations, the party seeking to offer the deposition testimony shall provide the trial judge a copy of each deposition transcript at issue.  Each such transcript shall be marked with different colored highlighting.  Red highlighting shall be used to identify the testimony that Plaintiff has designated, blue highlighting shall be used for Defendant, and green highlighting shall be used to identify the objections to any designated testimony.  After receiving and reviewing these highlighted transcripts, the Court will issue its rulings regarding any objections.  The parties shall then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1.

**2.    Videotaped Depositions.**  The paragraph immediately above applies to videotaped depositions as well as written deposition transcripts.  After the Court issues its rulings on the objections to testimony to be presented by videotape or DVD, the Court will set a deadline for the parties to submit the videotape or DVD edited to reflect the designations and the Court's rulings on objections.

## 19.    MOTIONS.

**a.    Pending Motions.**  None.

**b.    Additional Pretrial Motions.**

1.          The dispositive motion deadline, as established in the scheduling order and any amendments, is September 15, 2008.  Defendant anticipates it will file its motion for summary judgment and brief in support within the deadline.

2.          Defendant's motions in limine and supporting memoranda.

3.          Plaintiff's motions in limine and supporting memoranda.

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 30 pages, absent an order of the Court.

**a.          Motions Regarding Expert Testimony.**  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed by 28 days before trial.

**b.          Motions in Limine.**  All motions in limine, other than those challenging the propriety of an expert witness, shall be filed no later than 14 days before trial.  Briefs in opposition to such motions shall be filed within the time period required by D. Kan. Rule

6.1(d)(1), or at least 5 business days before trial, whichever is earlier.  Reply briefs in support of motions in limine shall not be allowed without leave of Court.

**4.      TRIAL.**

a.                      This case is set for trial on the Court's docket beginning on March 17, 2009, at 9:00 a.m.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.

b.      Trial will be by jury.

c.      Estimated trial time is 4-5 days.

d.                      Trial is currently scheduled to take place in Topeka, Kansas.  However, the parties intend to request trial be moved to Kansas City, Kansas.

e.                      Pursuant to 28 U.S.C. § 636(c)(1), and by agreement and consent of the parties, this case may be tried on a "backup" basis by U.S. Magistrate Judge David J. Waxse, i.e., if the assigned U. S. District Judge determines that her schedule will be unable to accommodate any trial date stated above.

f.                      Because of constraints on the judiciary's budget for the compensation of jurors, in any case in which the Court is not notified of a settlement at least 1 full business day prior to the scheduled trial date, the costs of jury fees and expenses will be assessed to the parties, or any of them, as the Court may order.  *See* D. Kan. Rule 40.3.

**5.      SETTLEMENT.**

a.                      **Status of Settlement Efforts.**  The parties participated in conciliation with the EEOC and in mediation but have been unable to resolve the case.

 **b.**    **Mediation and/or Other Method of Alternative Dispute Resolution.**
Further mediation is not ordered.

**6.**  **FURTHER PROCEEDINGS AND FILINGS.**

 **a.**    **Status and/or Limine Conference.** Relatively close to the date of
trial, the trial judge will schedule a status and/or limine conference.

 **b.**    **Trial Briefs.** A party desiring to submit a trial brief shall comply with
the requirements of D. Kan. Rule 7.6. The Court does not require trial briefs but finds them
helpful if the parties anticipate that unique or difficult issues will arise during trial.

 **c.**    **Voir Dire.** Due to substantially differing views among judges of this
Court concerning the extent to which counsel will be allowed to participate in voir dire, counsel
are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the
preference of the particular trial judge) to determine what, if anything, actually needs to be
submitted by way of proposed voir dire questions. Generally, proposed voir dire questions only
need to be submitted to address particularly unusual areas of questioning, or questions that are
likely to result in objections by the opposing party.

 **d.** **Jury Instructions.**

   1. Requests for proposed instructions in jury cases shall be submitted in

     compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1. Under D. Kan.

     Rule 51.1, the parties and the attorneys have the <u>joint</u> responsibility to

     attempt to submit <u>one</u> agreed set of preliminary and final instructions that

     specifically focuses on the parties' factual contentions, the controverted

     essential elements of any claims or defenses, damages, and any other

     instructions unique to this case. In the event of disagreement, each party

shall submit its own proposed instructions with a brief explanation, including legal authority as to why its proposed instruction is appropriate, or why its opponent's proposed instruction is inappropriate, or both. Counsel are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine that judge's so-called standard or stock instructions, e.g., concerning the jury's deliberations, the evaluation of witnesses' credibility, etc.; it is not necessary to submit such proposed jury instructions to the Court.

2.      Proposed instructions in jury cases shall be filed no later than 3 business days before trial.  Objections to any proposed instructions shall be filed no later than 1 business day before trial.

3.      In addition to filing the proposed jury instructions, the parties shall submit their proposed instructions (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to the e-mail address of the assigned trial judge listed in paragraph II(E)(2)(c) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

**7.      OTHER.**

a.      **Conventionally Filed Documents.**  The following documents shall be served by mail and by fax or hand-delivery on the same date they are filed with the Court if they are filed conventionally (i.e., not filed electronically): final witness and exhibit disclosures and objections; deposition designations, counter-designations, and objections; motions in limine and

briefs in support of or in opposition to such motions; trial briefs; proposed voir dire questions and objections; proposed jury instructions and objections; and proposed findings of fact and conclusions of law.  In addition, a party filing a trial brief conventionally shall deliver an extra copy to the trial judge's chambers at the time of filing.

      **b.**      **Miscellaneous.**  None.

20.    **POSSIBLE ADJUSTMENT OF DEADLINES BY TRIAL JUDGE.**
    With regard to pleadings filed shortly before or during trial (e.g., motions in limine, trial briefs, proposed jury instructions, etc.), this pretrial order reflects the deadlines that the Court applies as a norm in most cases.  However, the parties should keep in mind that, as a practical matter, complete standardization of the Court's pretrial orders is neither feasible nor desirable. Depending on the judge who will preside over trial, and what adjustments may be appropriate given the complexity of a particular case, different deadlines and settings may be ordered. Therefore, from the pretrial conference up to the date of trial, the parties must comply with any orders that might be entered by the trial judge, as well as that judge's trial guidelines and/or exhibit instructions as posted on the court's Internet website:

    *(http://www.ksd.uscourts.gov/chambers).*

    IT IS SO ORDERED.

    Dated this 4th day of September, 2008, at Kansas City, Kansas.

                  s/<u>David J. Waxse</u>

                  David J. Waxse
                  U. S. Magistrate Judge

Getman 07-2256 Final Pretrial Order.DOC

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Extended deadline to complete any remaining discovery (if applicable) | Within 60 days of Court's ruling on summary judgment for medical/expert witnesses |
| Mediation/settlement conference (if applicable) | None ordered |
| Dispositive motions (e.g., summary judgment) | September 15, 2008 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Trial | March 17, 2009 |
| Status and/or limine conference (if presently set) | To be determined |
| Final witness & exhibit disclosures | 21 days before trial |
| Objections to final witness & exhibit disclosures | 14 days before trial |
| Exhibits marked | 5 business days before trial |
| Deposition testimony designated | 21 days before trial |
| Objections to deposition designations, along with any counter-designations | 14 days before trial |
| Objections to counter-designations of deposition testimony | 5 business days before trial |
| Submission of disputed deposition designations to trial judge | 3 business days before trial |
| Motions in limine | 14 days before trial |
| Briefs in opposition to motions in limine | 5 business days before trial, unless due earlier under D. Kan. Rule 6.1(d)(1) |
| Proposed jury instructions | 3 business days before trial |
| Objections to proposed jury instructions | 1 business day before trial |
| Preliminary sets of proposed findings of fact and conclusions of law in bench trials | 5 business days before trial |

UNITED STATES DISTRICT COURTFOR THE DISTRICT OF KANSAS_____

| | | |
|---|---|---|
| MARCIE ANN GETMAN, | ) | Case No. 07-2256 JAR |
| | ) | |
| Plaintiff, | ) | Honorable Julie A. Robinson |
| | ) | Magistrate Judge David J. Waxse |
| v | ) | |
| | ) | |
| ENNIS, INC., d/b/a | ) | |
| CALIBRATED FORMS CO., INC. | ) | |
| _____ | ) | |

## **EXHIBIT SHEET**

Case No: 07-2256 JAR        _____ Exhibits

| No. | Description | I.D. | Off. | Adm. | Deposition or Witness |
|-----|-------------|------|------|------|----------------------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Getman 07-2256 Final Pretrial Order.DOC